## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**JAVANI, LLC, a Florida Limited Liability**
**Company, and J.R. Elias, individually, and**
**Plaintiff 3, a minor child by and through**
**J.R. Elias as next friend,**

        **Plaintiff(s),**

**v.**                                         **Civil Action No.:_____**

**SHIVANI MITU BHATIA,**

        **Defendant.**
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, SHIVANI MITU BHATIA ("Bhatia") files this Notice of Removal and effectively removes the action entitled " JAVANI, LLC, a Florida Limited Liability Company, and J.R. Elias, individually, and Plaintiff 3, a minor child by and through J.R. Elias as next friend v. SHIVANI MITU BHATIA**,**" in the Circuit Court of the First Judicial Circuit in and for Walton County, Florida, Civil Action No. 20CA359 (the "State Court Action") to the United States District Court for the Northern District of Florida, Pensacola Division.  As grounds for removal, Bhatia states the following:

1

## I.     **Commencement of Case and Timeliness of Removal**

1.      Plaintiffs, JAVANI, LLC, a Florida Limited Liability Company, and J.R. Elias, individually, and Plaintiff 3, a minor child by and through J.R. Elias as next friend (collectively, "Plaintiffs"), commenced the State Court Action by filing a Complaint on September 30, 2020.   *See* Exh. A, State Court Action Documents, Civil Action No. 20CA359.  Pursuant to 28 U.S.C. § 1446, Bhatia is timely filing this Notice of Removal, as this Notice is filed within 30 days of the service of the Complaint and Summons.

2.      As noted above, the State Court Action is pending in the Circuit Court of the First Judicial Circuit in and for Walton County, Florida.  The Pensacola Division of the United States District Court for the Northern District of Florida encompasses Walton County, Florida.

## II.    **Statement of Federal Diversity Jurisdiction**

3.      This Court has jurisdiction over Plaintiffs' claims under the provisions of 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

4.  For purposes of diversity jurisdiction, the Court may consider the entire record presented to it for removal, and not merely the Complaint. For example, in *Wright v. Continental Cas. Co.,* 456 F. Supp. 1075, 1077 (M.D. Fla. 1978), the court held that, although removability is generally determined by the allegations in the Complaint, if the Complaint does not adequately assert the basis for removal jurisdiction, the Court may look to the petition for removal to determine removability.  Thus, if the jurisdictional amount is not facially apparent from the Complaint, the Court should look to the notice of removal and may examine evidence relevant to the amount in controversy at the time the case was removed. *See Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001); *Lee v. Altamil Corp.,* 457 F. Supp. 979, 981 (M.D. Fla. 1978) (court may examine record as a whole in determining propriety of removal); *Woolard v. Heyer-Schulte,* 791 F. Supp. 294, 295 (S.D. Fla. 1992) (defendant seeking removal based on diversity can supply elements required to establish federal diversity jurisdiction in its removal papers).

### A.    Diversity of Citizenship

5.  Bhatia is a resident of and is domiciled in the State of Georgia.  *See* Exh. B, Declaration of Shivani Bhatia, at ¶ 2.

6.  As set forth in the Complaint, Plaintiffs, J.R. Elias and Plaintiff 3, are residents of and domiciled in the State of Florida. *See* Complaint, at ¶ 2-3.

3

7.     Plaintiffs allege that Javani, LLC is a Florida limited liability company.  A review of public records reveals, however, that there is no Florida limited liability company registered in the State of Florida maintaining the name "Javani, LLC[.]"[1]  As set forth by other courts in the Eleventh Circuit, "the naming of a nonexistent entity cannot destroy diversity."  *Taylor v. Piggly Wiggly of Bay Minette, Ala.*, 2012 WL 3555576, *3 (S.D. Ala. 2012).

8.     Similarly, while Plaintiffs' Complaint alleges that Bhatia is a "founding Member of Javani LLC, a Florida LLC domiciled in Walton County, Florida[,]" Bhatia specifically refutes membership in any such limited liability company.  Specifically, Bhatia never agreed to form such limited liability company, never approved or executed any operating agreement or other organizational documents for such limited liability company, and never authorized Mr. Elias (or any other person) to create such limited liability company with her as a member.  *See* Affidavit of Dr. Shivani M. Bhatia at ¶¶ 3-4.

9.     Considering the known domiciles of Bhatia, Elias and Plaintiff 3, coupled with the fact that Javani, LLC is not actually a limited liability company registered in the State of Florida, there is complete diversity of citizenship.

---

[1] *See*,
http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResults/EntityName/Javani%2c%20LC/Page1?searchNameOrder=JAVANI

**B.     Amount in Controversy**

10.     Eleventh Circuit law is clear that a defendant's right to remove is determined by examining the allegations in the Complaint at the time the defendant files the notice of removal.  *See, e.g. Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, (S.D. Fla. 1998).   Here, Plaintiffs' Complaint states twelve different causes of action against Bhatia alleging various theories.  For each of these twelve causes of action, Plaintiffs alleges that they, or one of them, suffered actual damages "in excess of the jurisdictional requirements of this court."  *See* Complaint, at ¶¶ 21, 28, 34, 39, 44, 55, 66, 73, 79, 90, 95 and 99.  Currently, the jurisdictional minimum to maintain an action in circuit court in Florida is $30,000.00.  *See* Fla. Stat. § 26.012 (recognizing that "Circuit courts shall have exclusive original jurisdiction . . . in all actions at law not cognizable by the county courts") and Fla. Stat. § 34.01 (recognizing that the maximum amount in controversy for jurisdiction in Florida county court is presently $30,000.00).  Accordingly, on the face of the Complaint, Plaintiffs have alleged actual damages of at least $360,000.00 (twelve counts seeking a jurisdictional minimum of $30,000); *see Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Estate*, LLC, No. 18-80407-CIV, 2018 WL 6727315, at *6 (S.D. Fla. Dec. 22, 2018) ("To satisfy the jurisdictional amount-in-controversy requirement, a party may aggregate all of its claims against a single

defendant.") (citing *Exxon Mobil Corp. v. Allapattah Servs, Inc.*, 545 U.S. 546, 585 (2005)).

11.    Moreover, even if this Court determined that it will not aggregate the separate claims of multiple plaintiffs against one defendant, there are five counts brought on behalf of Plaintiffs Javani, LLC and Plaintiff Elias collectively, three separate counts brought on behalf of Plaintiff Elias alone, three separate counts brought on behalf of Plaintiff Elias and Plaintiff 3 collectively, and one count brought on behalf of Plaintiffs Javani, LLC, Plaintiff Elias and Plaintiff 3 collectively.  Designating these counts among the groups pled, the amount-in-controversy still exceeds $75,000 based on the allegations that each count has resulted in damages in excess of $30,000.  Furthermore, the Complaint does not appear to merely set forth one right of recovery based on multiple theories or liability, but instead states multiple rights of recovery supported by multiple theories of liability.  *See Exum v. State Farm Fire & Cas. Co.*, 821 F.Supp.2d 1285, 1294 (M.D. Ala. 2011) ("While the Court may not aggregate the claims of multiple plaintiffs, it may aggregate a single plaintiff's claims resting on various theories of liability."); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585 (2005) (Stevens, J., dissenting) ("This Court has long held that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even

if the claims are unrelated. *See, e.g., Edwards v. Bates County*, 163 U.S. 269, 273, 16 S.Ct. 967, 41 L.Ed. 155 (1896).").

**C.      Conclusion on Diversity Jurisdiction**

12.    Considering the foregoing, this case is properly removable under 28 U.S.C. §§ 1441 (a) and (b).

**III.   <u>Service and Filing of Notice of Removal</u>**

13.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on Plaintiff and promptly filed with the Clerk of the Circuit Court of Walton County, Florida.

14.    No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions and pleadings are expressly reserved.

WHEREFORE, Bhatia is entitled to have the State Court Action removed from the Circuit Court of the First Judicial Circuit in and for Walton County, Florida, to the United States District Court for the Northern District of Florida, Pensacola Division, which district and division embraces the place where the State Court Action is proceeding.

Respectfully submitted this 28th day of October, 2020.

/s/ Daniel E. Harrell
**DANIEL E. HARRELL**
Florida Bar Number:  105222
dharrell@clarkpartington.com
**CLARK PARTINGTON**
P.O. Box 13010
Pensacola, FL  32591-3010
Phone: (850) 434-9200
Fax: (850) 432-7340

*Attorney for Defendant*
*Shivani Mitu Bhatia*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the Clerk of the Court via CM/ECF System and furnished electronically and via U.S. Mail, first class, to the following on this 28th day of October, 2020.

| | |
|---|---|
| J.R. Elias<br>PO Box 4761<br>Santa Rosa Beach, FL 32549<br>jelias@30Amediation.com<br>Plaintiff, pro se | |

/s/ Daniel E. Harrell
**DANIEL E. HARRELL**

EXHBIT A

**FORM 1.997.     CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

      **I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIRST</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>WALTON</u>  COUNTY, FLORIDA

<u>Jay Elias</u>
 Plaintiff

vs.

<u>Shivani Bhatia</u>
 Defendant

Case # _____
Judge _____

    **II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

    **III.     TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☒ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>12</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jay Elias</u>            Fla. Bar #
         Attorney or party            (Bar # if attorney)

<u>Jay Elias     </u>       <u>09/30/2020</u>
 (type or print name)          Date

IN THE FIRST JUDICIAL CIRCUIT COURT OF FLORIDA
WALTON COUNTY

JAVANI, LLC, a Florida Limited )
Liability Company, and J.R. ELIAS, )
individually, and PLAINTIFF 3, a minor )
child by and through J.R. Elias as next )
friend, )
         )
            Plaintiffs, )
         )
vs. )        Case No.
         )
SHIVANI MITU BHATIA, )
         )
            Defendant. )

## COMPLAINT

The Plaintiffs, JAVANI, LLC, and J.R. ELIAS and minor child PLAINTIFF 3 ▮▮▮▮▮▮▮ for their Original Petition and causes of action against the Defendant, SHIVANI MITU BHATIA ("Defendant"), allege and state as follows:

1.     Plaintiff Javani, LLC, is an active Florida limited liability company domiciled in Walton County, Florida.

2.     Plaintiff J.R. Elias is an individual and a resident of Walton County, Florida, and is also the Managing Member of Plaintiff Javani, LLC.

3.     Plaintiff 3 is an individual, part-time resident of Walton County, Florida, and the minor child ▮▮▮▮ whose identity should be protected because of her age.

4.     Defendant Bhatia is a founding Member of Javani, LLC, a Florida LLC domiciled in Walton County, Florida. Defendant Bhatia is also the sole owner and Managing Member of 120 Magnolia, LLC, another Florida LLC domiciled in Walton County, Florida.

5.     All of the facts and matters complained of herein involve Bhatia's conduct individually and in her capacity as Member of Javani, LLC, and/or 120 Magnolia, LLC.

6.     All of the facts and matters complained of herein occurred in the County of Walton, State of Florida.

7.     Venue is proper in Walton County pursuant to, *inter alia*, Fla. Stat. 47.011, 47.041, 47.051.

8.     In 2020, Bhatia made a series of promises to, and written agreements with, Plaintiffs Javani, LLC, and Plaintiff Elias, upon which Plaintiffs lawfully relied to their detriment, which Defendant Bhatia then breached.

9.     In 2020, Defendant Bhatia deceptively, dishonestly, unfairly, and unlawfully, converted a significant amount of Elias's personal property into her own name.

10.     Defendant Bhatia admitted to several of the above wrongdoings in writing, apologized, and promised to remedy her wrongful acts. She has failed to so remedy.

11.     Defendant Bhatia's wrongful conduct has directly caused Plaintiffs to suffer damages in excess of the jurisdictional requirements of this court.

12.     Defendant Bhatia has engaged in numerous acts and omissions that are outrageous, shocking to the conscience, and which warrant punitive damages.

## COUNT 1: FRAUD (on behalf of Plaintiffs Javani and Elias)

13.     Plaintiffs incorporate the above paragraphs.

14.     Defendant Bhatia knowingly made false and material statements to Plaintiffs for the purpose of inducing Plaintiffs to act.

15.     Defendant Bhatia made false and material statements to deceptively acquire a vehicle and other possessions owned by Elias and convert them into her own assets.

16.     Defendant Bhatia engaged and/or conspired in forgery and deceptions for the purpose of defrauding Plaintiffs.

17.     Defendant Bhatia made false and material statements to deceive Plaintiffs Javani, LLC, and Elias into entering into financial and business ventures with her.

18.     Plaintiffs justifiably relied upon these statements and acted to their detriment, as Defendant intended.

19.     In one of her fraudulent schemes, Defendant Bhatia falsely promised to acquire a new vehicle jointly with Plaintiffs and title said vehicle jointly with Plaintiffs, did jointly create the LLC with Plaintiffs expressly for this and related purposes, induced

Plaintiffs to act in reliance upon her false promises, induced Plaintiff Elias to give up his own personal property and sole vehicle in reliance upon these promises, then deceptively titled the new vehicle in her own name only unbeknownst to Plaintiffs.

20.     Defendant Bhatia later admitted in writing that this was wrongful and promised to remedy her wrongful act, which she has not done.

21.     As a direct result of their reliance upon Defendant's fraudulent misrepresentations and omissions, Plaintiffs suffered actual damages in excess of the jurisdictional requirements of this court.

### COUNT 2: BREACH OF CONTRACTS (on behalf of Plaintiffs Javani and Elias)

22.     Plaintiffs incorporate the above paragraphs.

23.     Plaintiffs and Defendant Bhatia entered into numerous agreements in 2020 regarding joint Florida business ventures, a Florida residential arrangement, a joint purchase of a vehicle for use in Florida, and other financial and property matters.

24.     The parties entered into these agreements in the state of Florida.

25.     Defendant Bhatia has confirmed these agreements in numerous writings.

26.     Defendant Bhatia has breached these agreements.

27.     Defendant Bhatia has, verbally and in writing, admitted to her breaches and apologized for and promised to redress same. Defendant has also breached these promises and agreements to redress.

28.     As a direct result of Defendant Bhatia's breaches, Plaintiffs have suffered actual damages in excess of the jurisdictional requirements of this court.

### COUNT 3: PROMISSORY ESTOPPEL
### (on behalf of Plaintiffs Javani and Elias and Plaintiff 3)

29.     Plaintiffs incorporate the above paragraphs.

30.     Defendant Bhatia has made specific promises to Plaintiffs.

31.     Plaintiffs have relied upon these promises to their detriment.

32.     Defendant Bhatia anticipated that Plaintiffs would rely on her promises to their detriment.

33.     As a direct result of this detrimental reliance, Plaintiffs have suffered actual damages in excess of the jurisdictional requirement of this court, including but not limited to the loss of their home, vehicle, significant personal property, business income, and money.

34.     This Court should order Defendant Bhatia to perform the promises upon which Plaintiffs justifiably relied to their detriment.

### COUNT 4: CONVERSION (on behalf of Plaintiff Elias and Plaintiff 3)

35.     Plaintiffs incorporate the above paragraphs.

36.     Defendant Bhatia has intentionally taken and possessed significant personal property belonging to Elias and Plaintiff 3, without authority, depriving Elias's right to use and possess his own property.

37.     In July of 2020, Defendant Bhatia repeatedly promised in writing to return Elias's personal property.

38.     Defendant Bhatia has failed to return Elias's property.

39.     Defendant Bhatia's wrongful conduct has directly caused Plaintiff Elias and Plaintiff 3 to suffer damages in excess of the jurisdictional requirement of this court.

### COUNT 5: THEFT (on behalf of Plaintiff Elias and Plaintiff 3)

40.     Plaintiffs incorporate the above paragraphs.

41.     Defendant Bhatia is in wrongful and unpermitted possession of hundreds of individual items belonging to Plaintiff Elias and Plaintiff 3, and has wrongfully refused to return said items to Plaintiffs.

42.     Defendant Bhatia has falsely stated in writing on multiple occasions that she has sent, or would send that day, Plaintiffs' items to them.

43.     Defendant Bhatia has failed to return Plaintiffs' items.

44.     Defendant Bhatia's wrongful conduct has directly caused Plaintiff Elias and Plaintiff 3 to suffer damages in excess of the jurisdictional requirement of this court.

### COUNT 6: ABUSE OF PROCESS (on behalf of Plaintiff Elias)

45.     Plaintiffs incorporate the above paragraphs.

4

46.     On or about July 20, 2020, Defendant Bhatia, through her agent, informed Plaintiff Elias that he had until July 26, 2020, to accept an unreasonable settlement offer she made involving some of the facts underlying this action, which offer did not include the return of Plaintiffs' possessions.

47.     Defendant Bhatia made implicit and explicit threats that she would harm Elias if he did not accept her first offer.

48.     On July 27, 2020, the offer expired as rejected by Plaintiff Elias.

49.     On July 27, 2020, Defendant Bhatia, through her agent, informed Plaintiff Elias that she would cause a "felony arrest warrant" to be issued on the alleged basis that his own settlement demand had been criminal "extortion."

50.     Defendant Bhatia knew that Plaintiff Elias had not engaged in extortion, as he had not sought money or gain of any kind, but only the return of his own personal property as Defendant Bhatia had already agreed to do. Upon information and belief, Defendant Bhatia made false statements in pursuit of a bogus criminal charge.

51.     Bhatia and her agent repeatedly confirmed that they asked law enforcement to charge Plaintiff with a criminal violation in relation to his rejection of her first offer.

52.     Bhatia's use of the legal process to threaten or request criminal action as leverage tactic in a civil negotiation is a wrongful and perverted abuse of process.

53.     Bhatia's conduct in threatening and pursuing a criminal charge was willful and intentional, and done with ulterior motive.

54.     Bhatia's actions caused injury to Plaintiff Elias.

55.     Defendant Bhatia's wrongful conduct has directly caused Plaintiff Elias to suffer actual damages in excess of the jurisdictional requirement of this court.

56.     Defendant Bhatia's wrongful and retaliatory abuse of process merits an award of punitive damages under Florida law.

### COUNT 7: HARASSMENT (on behalf of Plaintiff Elias and Plaintiff 3)

57.     Plaintiffs incorporate the above paragraphs.

58.     In June and July of 2020, Bhatia engaged in conduct that was harassing, stalking, and frightening in nature against both Elias and ███████████

59.     Defendant Bhatia bombarded Elias with hundreds of unwanted text messages, emails, and phone calls which were offensive, lewd, insulting, and harassing in nature. Plaintiff Elias had to block Defendant Bhatia on his cell phone on numerous occasions.

60.     Defendant Bhatia also harassed the nine-year-old Plaintiff 3 to such an extent that Plaintiff Elias also had to block Defendant Bhatia on the cell phone of Plaintiff 3.

61.     Bhatia engaged in this conduct while knowing that Elias had physical custody o███████████ through the summer, and while aware that her outrageous conduct seriously impaired Elias's ability to enjoy his summer custody schedule with ██ ████████

62.     Bhatia repeatedly screamed and cussed at and in front of nine-year-old Plaintiff 3, screamed the "F" word in anger at the nine-year-old, and called her names.

63.     Bhatia later admitted to and apologized for her abusive conduct, both verbally and in apologetic emails to the young child.

64.     Bhatia also repeatedly made specific promises to the minor child, then reneged on these promises, and engaged in other cruel acts and omissions for the purpose of vindictively harming the minor child during her fits of anger and retaliation against Elias.

65.     Bhatia's conduct was outrageous, traumatic, and would shock the conscience of any reasonable member of the community.

66.     As a direct result of Defendant Bhatia's breaches, Plaintiffs have suffered actual damages in excess of the jurisdictional requirements of this court.

## COUNT 8: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP
### (on behalf of Plaintiffs Javani, LLC, and Elias)

67.     Plaintiffs incorporate the above paragraphs.

68.     After Elias ended his romantic relationship with Bhatia, Bhatia vindictively reached out to third parties for the purpose of terminating Elias's source of future income.

69.     Bhatia took vindictive actions toward Elias with third parties which terminated a business venture Elias had commenced, which he had spent a significant amount of time building, and upon which he relied for significant income he and Bhatia both expected would begin arriving within weeks.

70.     Bhatia was aware of the existence of an advantageous business relationship between Elias and a specific third party.

71.     Bhatia intentionally and unjustifiably took actions to interfere with this business relationship.

72.     Bhatia's conduct directly damaged Elias.

73.     As a direct result of Defendant Bhatia's breaches, Plaintiffs have suffered actual damages in excess of the jurisdictional requirements of this court.

## COUNT 9: TORTIOUS INTERFERENCE WITH CONTRACT
### (on behalf of Plaintiffs Javani, LLC, and Elias)

74.     Plaintiffs incorporate the above paragraphs.

75.     After Elias ended his romantic relationship with Bhatia, Bhatia vindictively reached out to a third party for the purpose of compelling the third party to cease performing work he had agreed to perform, and had performed nearly to completion, for Elias's benefit.

76.     Bhatia was aware of the existence of this agreement between Elias and the third party.

77.     Bhatia intentionally and unjustifiably took actions to interfere with this agreement and its performance.

78.     Bhatia's conduct directly damaged Elias.

79.     As a direct result of Defendant Bhatia's breaches, Plaintiffs have suffered actual damages in excess of the jurisdictional requirements of this court.

## COUNT 10: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (on behalf of Plaintiffs Elias and Plaintiff 3)

80.     Plaintiffs incorporate the above paragraphs.

81.     In May, June, and July of 2020, Defendant Bhatia engaged in numerous actions which were outrageous, deliberate and reckless in nature, and which caused Plaintiffs to suffer severe emotional distress.

82.     On several occasions, Defendant Bhatia drank alcohol to excess and screamed, cussed, threatened, insulted, cried, and harassed both Plaintiff Elias and ███ ████████████████ Plaintiff 3.

83.     On multiple occasions Elias and ████████ had to physically hide from Defendant Bhatia during her outrageous conduct.

84.     On multiple occasions, Defendant Bhatia would drive while severely intoxicated despite the repeated efforts of Elias and ████████ to prevent her from so doing, causing them anxiety and distress.

85.     Defendant Bhatia knowingly subjected Plaintiff 3 to emotional and verbal abuse on multiple occasions.

86.     Defendant Bhatia made numerous lewd, lascivious, and false statements about Elias to at least four third parties for the purpose of harming Elias.

87.     Defendant Bhatia repeatedly made false promises to Plaintiff 3, knowing they would tantalize the minor child and endear Defendant to her, for the purpose of enticing Plaintiff Elias to continue their romantic relationship. Defendant Bhatia reneged on all of these promises to Plaintiff 3.

88.     Defendant Bhatia took affirmative and aggressive steps to vindictively prevent Plaintiff Elias and his daughter, Plaintiff 3, from spending time together, going on their planned Disney World vacation, etc.

89.     Defendant Bhatia apologized to Plaintiff 3 on multiple occasions, both verbally and in writing, for her outrageous conduct as described above.

90.     As a direct result of Defendant Bhatia's breaches, Plaintiffs have suffered actual damages in excess of the jurisdictional requirements of this court.

### COUNT 11: DEFAMATION (on behalf of Plaintiff Elias)

91.     Plaintiffs incorporate the above paragraphs.

92.     In June and July of 2020, Defendant Bhatia knowingly made false and defamatory statements about Elias to third parties in Florida, Oklahoma, and Georgia, and upon information and belief to third parties in Nebraska and India.

93.     The statements made by Defendant have been false and malicious and have been intended to expose Plaintiff to hatred, ridicule, threats, contempt, and emotional distress.

94.     Defendant Bhatia made numerous lewd, lascivious, and false statements about Elias to at least four third parties for the purpose of harming Elias.

95.     As a direct result of Defendant Bhatia's defamation, Plaintiff suffered actual damages in excess of the jurisdictional requirements of this court.

**COUNT 12: DEFAMATION PER SE (on behalf of Plaintiff Elias)**

96.     Plaintiffs incorporate the above paragraphs.

97.     In 2020, Defendant Bhatia knowingly made false and defamatory statements of a lewd, lascivious, sexual, and obscene nature about Elias to third parties.

98.     The statements made by Defendant Bhatia were objectively false and malicious and were intended to expose Plaintiff to ridicule and emotional distress.

99.     As a direct result of Defendant Bhatia's defamation, Plaintiff suffered actual damages in excess of the jurisdictional requirements of this court.

WHEREFORE, Plaintiffs requests judgment against Defendant as expressed herein, actual damages in an amount in excess of Thirty Thousand Dollars ($30,000), appropriate injunctive relief protecting Plaintiffs, interest, costs, reasonable attorney's fees, and all other and further relief as the court deems just and proper.

Respectfully submitted,

By     *Jay Elias*
J.R. Elias
P.O. Box 4761
Santa Rosa Beach, FL 32459
Telephone: (850) 460.1700
jelias@30Amediation.com
Plaintiff, pro se

## IN THE FIRST JUDICIAL CIRCUIT COURT OF FLORIDA
## WALTON COUNTY

JAVANI, LLC, a Florida Limited ) 
Liability Company, and J.R. ELIAS, ) 
individually, and PLAINTIFF 3, a minor ) 
child by and through J.R. Elias as next ) 
friend, ) 
                 ) 
           **Plaintiffs,** ) 
                 ) 
**vs.** )      **Case No.** 
                 ) 
**SHIVANI MITU BHATIA,** ) 
                 ) 
         **Defendant.** )

## <u>SUMMONS</u>

STATE OF FLORIDA

TO:  **Shivani M. Bhatia, Defendant**
      5490 Mt. Vernon Pkwy.
      Sandy Springs, GA 30327

  **A lawsuit has been filed against you**. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

  ISSUED THIS _____ date of _____, 2020

                      WALTON COUNTY COURT CLERK

                      By: _____
                             Court Clerk

Plaintiff
J.R. Elias
P.O. Box 4761
Santa Rosa Beach, FL 32459

## IN THE FIRST JUDICIAL CIRCUIT COURT OF FLORIDA
## WALTON COUNTY

JAVANI, LLC, a Florida Limited )
Liability Company, and J.R. ELIAS, )
individually, and PLAINTIFF 3, a minor )
child by and through J.R. Elias as next )
friend, )
            )
            Plaintiffs, )
            )
vs. )      **Case No. 20CA359**
            )
SHIVANI MITU BHATIA, )
            )
            Defendant. )

### SUMMONS

STATE OF FLORIDA

TO:    **Shivani M. Bhatia, Defendant**
        5490 Mt. Vernon Pkwy.
        Sandy Springs, GA 30327

        **A lawsuit has been filed against you**. You have 20 calendar days after this summons is
served on you to file a written response to the attached complaint with the clerk of this
court. A phone call will not protect you. Your written response, including the case number
given above and the names of the parties, must be filed if you want the court to hear your
side of the case. If you do not file your response on time, you may lose the case, and your
wages, money, and property may thereafter be taken without further warning from the
court. There are other legal requirements. You may want to call an attorney right away. If
you do not know an attorney, you may call an attorney referral service or a legal aid office
(listed in the phone book). If you choose to file a written response yourself, at the same
time you file your written response to the court you must also mail or take a copy of your
written response to the "Plaintiff/Plaintiff's Attorney" named below.

ISSUED THIS _____ date of _____, 2020

                       WALTON COUNTY COURT CLERK

                   By: _____
                       Court Clerk

eSigned by SHARAH TIDWELL in 20000359CAAXMX
on 10/01/2020 13:16:14 HkHT HKI

Plaintiff
J.R. Elias
P.O. Box 4761
Santa Rosa Beach, FL 32459

IN THE FIRST JUDICIAL CIRCUIT COURT OF FLORIDA

WALTON COUNTY

| | | |
|---|---|---|
| Javani, LLC, a Florida Limited Liability Company, and | § | |
| J.R. Elias, individually, and Plaintiff 3, a minor cHild by | § | |
| and through J.R. Elias as next friend, | | |
| Plaintiff(s), | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION CASE: 20CA359 |
| | § | |
| Shivani Mitu Bhatia, | § | |
| | § | |
| Defendant(s). | § | |
| | § | |

## AFFIDAVIT OF SERVICE

Personally appeared before the undersigned officer duly authorized by law to administer oaths, Danny Davidson, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he/she is over 18 years of age, a citizen of the United States, and not related to the parties herein. The statements made are true and correct and are based upon my personal knowledge.

2.

I personally served Shivani Mitu Bhatia with a Summons and Complaint at said person's place of abode located at 5490 Mount Vernon Pkwy. NW, Atlanta, GA 30327 on October 8, 2020, at 6:46 am.

SWORN TO AND SUBSCRIBED TO BEFORE ME

THIS __9__ DAY OF __OCTOBER__, 2020

_Rod McClellan_

Notary Public

_Danny Davidson_

Danny Davidson

ROD MCCLELLAN
Notary Public, Georgia
Forsyth County
My Commission Expires
November 24, 2022

EXHBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAVANI, LLC, et al.,

     Plaintiffs,

v.

                                    Civil Action No.: _____

SHIVANI M. BHATIA,

     Defendant.

_____/

## DECLARATION OF SHIVANI M. BHATIA

     I, Shivani M. Bhatia, make this Declaration under penalty of perjury pursuant to 28 U.S.C. Section 1746 and state the following:

     1.     My name is Shivani M. Bhatia, and I am over the age of eighteen years old. I have personal knowledge of the facts set forth in this declaration.

     2.     I currently reside in Atlanta, Georgia and am domiciled in the State of Georgia. I am a medical doctor licensed in numerous states.

     3.     I am familiar with Mr. Jasen Elias (a/k/a J.R. Elias), one of the plaintiffs in this action. However, I have never agreed to open any business with Mr. Elias. Likewise, I have never authorized Mr. Elias to establish any limited liability company on my behalf or with me as a member.

4.      I understand that Mr. Elias has alleged that I am a "founding member" of a limited liability company named Javani, LLC.  This is simply not true.  Again, I have never agreed to open any business with Mr. Elias, never authorized him to establish any limited liability company on my behalf or with me as a member, never executed any agreements, forms, or paperwork to establish a business with Mr. Elias, and never executed or approved any operating agreement for any business with Mr. Elias.

**I HEREBY DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

SHIVANI M. BHATIA

Date: 10/27/2020