IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAVANI VENTURES, LLC, a Florida Limited
Liability Company, and J.R. Elias, individually,
and Plaintiff 3, a minor child by and through
J.R. Elias as next friend,

        Plaintiff(s),

v.                                  Case No. 3:20-cv-05911-RV-HTC

SHIVANI MITU BHATIA,

        Defendant.

_____/

## RESPONSE TO MOTION TO DISMISS

COME NOW the Plaintiffs, JAVANI VENTURES, LLC, and J.R. ELIAS, and PLAINTIFF 3, and hereby respond and object to Defendant's Motion To Dismiss Or For A More Definite Statement (the "Motion"), subject to this Court's ruling on Plaintiffs' Motion To Remand[1]. Under applicable law, and based on the record before it, this Court should deny the Motion. In support, Plaintiffs offer the following facts and authority:

### Introduction

The Motion alleges the Complaint is insufficiently "vague and ambiguous." It is not. While the law does not require detailed allegations in a Complaint, Plaintiffs provide ample specificity in theirs, describing the exact transactions, along with verbatim statements, admissions, and

---

[1] On November 2, 2020, Plaintiffs mailed to the Clerk of this Court their Motion to Remand, which was filed November 5, 2020. Defendant filed her Motion to Dismiss on November 4, 2020. Plaintiffs assert that the Motion to Dismiss should be heard at the state court level upon remand.

written promises, which form the basis of their claims. Defendant's desire to obtain even more specific information is the purpose of the discovery process. At the pleadings stage, a plaintiff is only required to set forth a short and plain statement showing an entitlement to relief, providing a defendant with fair notice of the claim. Plaintiffs met this burden.

## Standards

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra,* at 555 (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The court must accept the complaint's allegations as true "even if [the allegations are] doubtful in fact." *Bell Atlantic*, 550 U.S. at 555.

A complaint thus "does not need detailed factual allegations." *Id.* Nor must a complaint allege with precision all the elements of a cause of action. *See Swierkiewicz*, 534 U.S. at 514-15. Defendant is correct that a conclusory recitation of the elements of a cause of action alone is not sufficient. A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. Id. at 557. The complaint must set forth facts — not mere labels or conclusions — that

"render plaintiffs' entitlement to relief plausible." *Id.* at 569 n. 14. This is the standard Plaintiffs met.

A district court should not grant a motion to dismiss if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (emphasis added).

## The Factual Content of the Complaint

In their Complaint, Plaintiffs allege sufficient factual content to proceed to discovery.

In the background facts preceding the individual counts of the Complaint, Plaintiffs articulate the specific fact patterns which then follow. In Paragraph 8, Plaintiffs allege that Defendant Shivani Bhatia in 2020 "made a series of promises to, and written agreements with" Plaintiffs, "upon which Plaintiffs lawfully relied to their detriment, which Defendant Bhatia then breached." In Paragraph 9, Plaintiffs allege that Defendant Bhatia "deceptively, dishonestly, unfairly, and unlawfully, converted a significant amount of Elias's personal property into her own name." In Paragraph 10, Plaintiffs allege that Defendant Bhatia "admitted to several of the above wrongdoings in writing, apologized, and promised to remedy her wrongful acts. She has failed to so remedy."

Plaintiffs then provide more specific details in Count 1 of the Complaint, the fraud claim, alleging that Bhatia "made false and material statements to deceptively acquire a vehicle and other possessions owned by Elias and convert them into her own assets." To engage in this specific fraud, Plaintiffs allege that Defendant engaged in certain "forgery and deceptions," made false promises to induce Plaintiff Elias to give up his "own sole vehicle," "falsely promised to acquire a new vehicle jointly with Plaintiffs and title said vehicle jointly with Plaintiffs," and further did "create [an] LLC with Plaintiffs expressly for this" alleged purpose, but then "deceptively titled

the new vehicle in her own name unbeknownst to Plaintiffs." The Complaint then alleges that Defendant admitted her above scheme was wrongful and agreed to remedy it, reaching agreement with Plaintiffs, but has failed to perform.

Short of providing the vehicle identification number, there are few specifics left to the imagination. Simply put, Defendant Bhatia conned Plaintiff Elias out of his lone vehicle. The language of Count 1 is specific, citing the single vehicle Defendant took from Plaintiff through fraud, the single LLC the parties created for this transaction, the single new vehicle acquired, Defendant's specific act of fraudulently titling the vehicle, the specific nature of Defendant's fraud, the time frame in which the conduct occurred, and Defendant's ensuing promise to undo this fraudulent act. At the pleadings stage, the Court is to accept all of these factual allegations as true, and to draw all reasonable inferences therein.

Counts 2 through 5 allege that the parties entered into "agreements in 2020 regarding joint Florida business ventures, a Florida residential arrangement, a joint purchase of a vehicle for use in Florida, and other financial and property matters," and that Bhatia has explicitly agreed in writing that these agreements existed and that she breached same. This language is specific, for instance referencing the parties' sole "residential" transaction and sole "vehicle" transaction, and Defendant's written promises to remedy her breaches of these specific agreements. The Complaint specifically alleges that because of Defendant's admitted breaches, Plaintiffs have suffered "the loss of their home [singular and specific], vehicle [singular and specific], significant personal property, business income, and money." As to the "significant personal property," the Complaint alleges that Defendant is "in wrongful and unpermitted possession of hundreds of individual items belonging to Plaintiff Elias and Plaintiff 3, and has wrongfully refused to return said items" despite having "falsely stated in writing on multiple occasions" that she would return same.

4

As Defendant's counsel personally knows, all parties are well aware of what these "hundreds of individual items" of personal property are; a list of each of the hundreds of items would not be appropriate for a public court filing or necessary for the short and plain statement required of a Complaint. The allegations that Defendant has specifically promised in writing to return these same items of personal property add more specificity to the allegations of the Complaint, and allow the Court to draw the necessary reasonable inferences under the law. If Defendant is genuinely uncertain about the identity of the possessions she has already promised in writing to return, she can engage in discovery to remove any doubt.

The allegations in Counts 6 (Abuse of Process) and 7 (Harassment) are explicit, providing specific dates and exact wording of Defendant's unlawful statements, and the clarity of the factual allegations therein speaks for itself.

In Counts 8 and 9 (Tortious Interference), the Complaint alleges that after Plaintiff Elias ended his romantic relationship with Defendant Bhatia, Defendant "vindictively reached out to a third party" with whom Plaintiff Elias has been working on a business venture from which he expected income "would begin arriving in weeks," and wrongfully caused the termination of this business venture. The Complaint alleges Defendant Bhatia knew Plaintiff Elias "had spent a significant amount of time building" this venture, was personally aware of the "business relationship" between Elias and the third party, and "took action" to harm this specific relationship and venture. These descriptions are specific and meet Plaintiffs' burden of presenting allegations plausibly suggesting entitlement to relief.

Count 10 articulates specific instances of Defendant Bhatia's outrageous behavior causing trauma to Plaintiff 3, a minor child, and Plaintiff Elias, during three specific months. The allegations describe specific examples of Defendant's conduct. Adding even more specificity to a

public filing would be unfortunate, as Plaintiffs do not wish to publicly embarrass Defendant Bhatia.

Counts 11 and 12 (Defamation) allege Defendant Bhatia "made false and defamatory" statements of a "lewd, lascivious, sexual, and obscene nature" to "at least four third parties" in the states of "Florida, Oklahoma, and Georgia." These allegations provide a reasonable amount of specificity at the pleadings stage, though Plaintiffs recognize more specificity will be required in discovery should they wish to proceed with the claims. Obtaining copies of all of the defamatory text messages and emails Defendant Bhatia sent in anger to third parties, of which Plaintiffs have been made aware but do not yet possess hard copies, will require discovery requests and/or subpoenas to third parties.

### Conclusion

For the reasons stated above, the Court should deny the Motion to Dismiss.

Respectfully Submitted,

_____
J.R. Elias
P.O. Box 4761
Santa Rosa Beach, FL 32459
Telephone: (850) 460.1700
Email: jelias@30Amediation.com
Plaintiff, individually and on behalf of Plaintiffs
Javani Ventures, LLC, and Plaintiff 3, a minor child

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2020, I mailed the foregoing to the Clerk of the United States District Court, Northern District Court (Pensacola Division), 1 North Palafox St., Pensacola, FL 32502, via the United States Postal Service, and emailed a copy of same to the following: Daniel E. Harrell, at dharrell@clarkpartington.com, Clark Partington, P.O. Box 13010, Pensacola, FL 32591-3010.

J.R. Elias
P.O. Box 4761
Santa Rosa Beach, FL 32459
Telephone: (850) 460.1700
Email: jelias@30Amediation.com
Plaintiff, pro se

Elias
PO Box 4761
Santa Rosa Beach, FL
32459

Court Clerk
Northern District of Fla.
100 N. Palafox St.
Pensacola, FL 32502

RECEIVED NOV 16 2020

TULSA OK 740
13 NOV 2020 PM 3 L

$0.50 US POSTAGE FIRST-CLASS
062S0009095689
74119

$0.50 US POSTAGE FIRST-CLASS
062S0009095689
74119

32502-48390