IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAVANI, LLC, et al.

    Plaintiffs,

v.                                CASE NO.: 3:20-cv-05911-RV-HTC

SHIVANI MITU BHATIA,

    Defendant.
_____/

**DEFENDANT'S RESPONSE
TO PLAINTIFFS' MOTION TO REMAND**

Defendant, SHIVANI MITU BHATIA ("Dr. Bhatia"), responds to the Motion to Remand, ECF No. 6, filed by Plaintiffs, JAVANI, LLC ("Javani LLC"), J.R. Elias ("Elias") and Plaintiff 3 ("Plaintiff 3") (collectively, "Plaintiffs"), as follows:

**FACTUAL BACKGROUND**

1.    Plaintiffs commenced the State Court action by filing a Complaint on September 30, 2020.

2.    Dr. Bhatia timely filed her Notice of Removal on October 28, 2020. *See* ECF No. 1.

3.    Plaintiffs filed their Motion to Remand, ECF No. 6, on November 5, 2020 (the "Motion"). Plaintiffs contend that this action should be remanded to state court because: (1) Elias personally alleges in the Motion itself that all known

1

damages in the action do not exceed $75,000.00 and, therefore, the amount in controversy requirement is not met; and (2) Dr. Bhatia is a managing member of non-party Javani Ventures, LLC. *See* Motion at ¶¶ 5 & 12-17.

4. As explained below, Plaintiffs are incorrect and the Motion to Remand is due to be denied.

## ARGUMENT AND MEMORANDUM OF LAW

**I.   The Amount in Controversy Requirement is Met Based on the Face of the Complaint and Elias's Personal Representations in the Motion to Remand Are Insufficient to Defeat Jurisdiction.**

In the Complaint, Plaintiffs allege twelve different causes of action against Dr. Bhatia. In each discreet count, Plaintiffs allege damages in excess of the jurisdictional requirement, which is $30,000.00 in Florida's circuit courts. *See* § 26.012, Fla. Stat. (recognizing that "[c]ircuit courts shall have exclusive original jurisdiction . . . in all actions at law not cognizable by the county courts") and § 34.01, Fla. Stat. (recognizing that the maximum amount in controversy for jurisdiction in Florida's county courts is presently $30,000.00). Accordingly, on the face of the Complaint, Plaintiffs have alleged damages of at least $360,000.00 (twelve counts seeking a jurisdictional minimum of $30,000.00). *See Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Estate*, LLC, No. 18-80407-CIV, 2018 WL 6727315, at *6 (S.D. Fla. Dec. 22, 2018) ("To satisfy the jurisdictional amount-in-controversy requirement, a party may aggregate all of its claims against a single

2

defendant.") (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585 (2005)).

Moreover, of the twelve counts in the Complaint, five are brought on behalf of Javani, LLC and Elias collectively, three are brought on behalf of Elias alone, three are brought on behalf of Elias and Plaintiff 3 collectively, and one is brought on behalf of all three plaintiffs collectively. Designating these counts among the groups pled, the amount in controversy still exceeds $75,000.00 based on the allegations that each count resulted in damages in excess of $30,000.00 even without aggregating all claims. Further, the Complaint does not allege one set of common facts to which multiple theories of liability apply. Instead, Plaintiffs set forth multiple sets of unrelated alleged facts and multiple theories of liability with respect to those alleged facts. Therefore, from the face of the Complaint, these separate, unrelated causes of action, each alleging damages in excess of $30,000.00, satisfy the amount in controversy requirement. *See Exum v. State Farm Fire & Cas.* Co., 821 F.Supp.2d 1285, 1294 (M.D. Ala. 2011) ("While the Court may not aggregate the claims of multiple plaintiffs, it may aggregate a single plaintiff's claims resting on various theories of liability."); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585 (2005) (Stevens, J., dissenting) ("This Court has long held that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single

defendant, even if the claims are unrelated. *See, e.g., Edwards v. Bates County*, 163 U.S. 269, 273 16 S.Ct. 967, 41 L.Ed 155 (1896).").

Although it is clear from the face of the Complaint that the amount in controversy requirement is met, Plaintiff Elias now contends that "all known damages in this action do <u>not</u> exceed $75,000." *See* Motion to Remand at ¶ 5. Elias's allegation, however, does not affect the amount in controversy at the time of removal and is insufficient to establish entitlement to remand. *See e.g., Swain v. American Security Insurance Company*, No. 17-21688-CIV-MARTINEZ/AOR, 2017 WL 3880299, at *2 (S.D. Fla. Aug. 14, 2017) (denying plaintiff's motion to remand and noting that, although the plaintiff offered to stipulate that his damages shall not exceed $75,000.00 in total, the "stipulation does not affect the amount in controversy at the time the case was removed to this Court."). Further, Elias's allegations regarding damages can only be considered as to his own claims and potential right of recovery, as is does not appear that Elias can or does represent Plaintiff 3, nor can he represent "Javani, LLC." Therefore, even if Elias's personal representations that his damages do not exceed $75,000.00 were sufficient, which they are not, remand is still inappropriate because the damages sought in connection with the claims advanced by Plaintiff 3 and/or "Javani, LLC" still exceed the amount in controversy.

Further, the specific allegations in the Complaint as well as the causes of

4

action advanced support a finding that the amount in controversy requirement is met. For example, Plaintiffs allege that Dr. Bhatia "engaged in numerous acts and omissions that are outrageous, shocking to the conscience, and which warrant **punitive damages**." *See* Complaint at ¶ 12 (emphasis added).  As the 11th Circuit has noted, "[p]unitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases." *Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010) (citing *Holly Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).  Plaintiffs' allegations that they are entitled to punitive damages therefore further supports a finding that the amount in controversy requirement is met, in addition to the representations on the face of the Complaint that each of the twelve counts warrant damages in excess of $30,000.00.

In addition, Plaintiffs contend that Dr. Bhatia's alleged conduct caused actual damages in excess of the jurisdiction requirements of the court, "including but not limited to the **loss of their home**, vehicle, significant personal property, business income, and money." *See* Complaint at ¶ 33 (emphasis added).  Although Plaintiffs have not alleged specific monetary amounts for these alleged losses, the allegation that Plaintiffs are seeking damages for the alleged loss of residential real estate further supports a finding that the amount in controversy is greater than $75,000.00.

Moreover, Elias has asserted a claim for defamation *per se* against Dr. Bhatia. *See* Complaint at p. 8-9.  This "theory of liability can plausibly support damages at

or in excess of the amount-in-controversy requirement." *Dibble v. Avrich*, No. 14-CIV-61264, 2014 WL 6632629, at *3 (S.D. Fla. Nov. 21, 2014) (citing *Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 729 (Fla. 4th DCA 2010) (defamation per se creates a conclusive legal presumption of loss or damage and is alone sufficient to support punitive damages even without actual damages); *Falic v. Legg Mason Wood Walker, Inc.*, 347 F.Supp.2d 1260, 1268 (S.D. Fla. 2004) ("Special damages are actual, out of pocket losses which must be proven by specific evidence as to the time, cause and amount; whereas general damages encompass the more customary harms inflicted by a defamatory falsehood, such as impairment of reputation and standing in the community."); *Rae v. Perry*, 392 Fed. App'x 753, 755 (11th Cir. 2010) ("Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases.")). This further supports a finding that the amount in controversy is met for purposes of diversity jurisdiction.

In sum, Elias's allegation in his Motion to Remand that "all known damages in action do not exceed $75,000.00[,]" is insufficient to discount the allegations set forth in the Complaint as discussed herein. While the Complaint is not artfully pled with regard to the amount of damages sought, there is simply no question that, for each separate count of the Complaint, Plaintiffs have alleged that the amount in controversy exceeds $30,000.00. Accordingly, an amount in controversy in excess of $75,000.00 at the time of removal is easily be deduced from the face of the

6

Complaint.

## II. Complete Diversity Exists Despite Plaintiffs' Incorrect Allegations Regarding Dr. Bhatia's Alleged Interest in non-party LLCs Javani Ventures, LLC and 120 Magnolia, LLC.

In the Motion to Remand, Plaintiffs allege that Dr. Bhatia is a managing member of non-party LLCs "Javani Ventures, LLC" and "120 Magnolia, LLC" and that these associations somehow destroy complete diversity in this case. *See* Motion at p. 3-5. Although Dr. Bhatia disputes that she is or was a member of "Javani Ventures, LLC", it is undisputed that Javani Ventures, LLC is not a party to this action. Instead, at the time of removal, "Javani, LLC" was the named plaintiff, and it is undisputed that Dr. Bhatia is not nor has she ever been a member or had any interest in any entity known as "Javani, LLC." It also appears that "Javani, LLC" does not exist as a Florida limited liability company. Complete diversity therefore exists and Plaintiffs' Motion to Remand should be denied. *See Taylor v. Piggly Wiggly of Bay Minette*, Ala., 2012 WL 3555576, *3 (S.D. Ala. 2012) (noting that "the naming of a nonexistent entity cannot destroy diversity.").

## **CONCLUSION**

Wherefore, as set forth above, Defendant respectfully requests that this Court deny Plaintiffs' Motion to Remand.

        */s/ Daniel E. Harrell*
        **DANIEL E. HARRELL**
        Florida Bar Number: 105222
        dharrell@clarkpartington.com
        **CLARK PARTINGTON**
        P.O. Box 13010
        Pensacola, FL  32591-3010
        Phone: (850) 434-9200
        Fax: (850) 432-7340

        *Attorney for Defendant*
        *Shivani Mitu Bhatia*

## CERTIFICATE OF WORD LIMIT COMPLIANCE

I hereby certify that the above Response and incorporated Memorandum contains 1,610 words, using the word count of the word-processing system used to prepare this Response, including headings, footnotes, and quotations, and excluding the case style, signature block and the certificates required by the Local Rules.

        */s/ Daniel E. Harrell*
        **DANIEL E. HARRELL**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing has been filed with the Clerk of the Court via CM/ECF System and furnished electronically and via U.S. Mail, first class, to the following on this 19th day of November, 2020.

| | |
|---|---|
| J.R. Elias<br>PO Box 4761<br>Santa Rosa Beach, FL 32549<br>jelias@30Amediation.com<br>Plaintiff, pro se | |

                                            */s/ Daniel E. Harrell*
                                            **DANIEL E. HARRELL**